IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD HENDERSON, | : | |
|     Petitioner | : | No. 1:15-CV-2358 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MR. BROOKES, et al., | : | |
|     Respondents | : | |
| | : | |

**MEMORANDUM**

On December 8, 2015, Petitioner Gerald Henderson, an inmate currently confined at the Federal Detention Center, Philadelphia, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the decision of the Pennsylvania Board of Probation and Parole ("Board"), to deny him reparole. (Doc. No. 9.) Respondents filed an answer to the petition on May 18, 2016, maintaining that denial of Henderson's petition is appropriate. (Doc. No. 21.) Henderson subsequently filed a motion for leave to amend his prayer for relief (Doc. No. 27), motion to revise his petition (Doc. No. 32), and motion to remain at the Federal Detention Center until his habeas petition is resolved by this Court (Doc. No. 33). After the Court issued an Order directing Respondent to respond to Petitioner's recent filings, Respondents filed a response on October 4, 2017. (Doc. No. 35.) This matter is now ripe for disposition. For the reasons set forth below, the petition will be denied.

I.     **STATEMENT OF THE CASE**

    A. **Procedural History**

Henderson is serving a 15 to 32 year total sentence at the Department of Corrections ("DOC") for committing the crimes of Murder in the 3rd Degree, Reckless Endangerment, Persons not to Use, Possess Firearms, and Robbery. (Doc. No. 21 at 2.) Henderson's minimum

1

sentence date was calculated as July 7, 2002 and his original maximum sentence date was calculated as July 7, 2019. (Id.) On August 12, 2002, Henderson was released to a Community Corrections Center. (Id.) On April 11, 2005, the Board recommitted Henderson to a State Correctional Institution as a technical parole violator for consuming alcohol, and Henderson was to serve six months backtime for the violation. (Id.) Henderson was released on reparole on February 12, 2006. (Id.)

Henderson was recommitted on September 3, 2013 as a convicted parole violator and was to serve eighteen months backtime for committing the offense of conspiracy to distribute five or more kilograms of cocaine while on parole. (Id.) The Board recalculated Henderson's sentence to a maximum date of April 14, 2028, which was later modified to August 19, 2027, due to a technical error. (Id. at 2-3.)

On August 5, 2014, Henderson was denied reparole based on the following factors: (1) institutional behavior, including reported misconducts; (2) risk and needs assessment indicating level of risk to the community; (3) prior unsatisfactory parole supervision history; (4) reports, evaluations and assessment/level of risk indicates is a risk to the community; (5) failure to demonstrate motivation for success; and (6) lack of remorse for the offense(s) committed. (Id. at 3.)

Henderson was again denied reparole on November 17, 2015 based on the following factors: (1) risk and needs assessment indicates is a level of risk to the community; (2) prior unsatisfactory parole supervision history; (3) reports, evaluations and assessments/level of risk indicates is a risk to the community; and (4) lack of remorse for the offense(s) committed. (Id. at 3-4.) The Board provided that Henderson would be reviewed in or after July 2017 and at that

time, the Board would consider: (1) whether Henderson has maintained a favorable recommendation for parole from the DOC; (2) whether he has maintained a clear conduct record; and (3) whether he has completed the DOC's prescription program(s). (Id. at 4.)

During the pendency of this action, the Board issued a decision on June 19, 2017, granting Henderson reparole to his Federal detainer sentence, and Henderson was released on reparole to his Federal detainer sentence on August 10, 2017. (Doc. No. 35 at 2.)

### B. Habeas Claims Presented

Henderson's petition advances the following claims:

1. Whether the Board's parole-release decisions on August 5, 2014 and November 17, 2015, denying him reparole, violate his procedural and substantive due process rights;

2. Whether the Board's decision denying him reparole is in violation of his right to equal protection; and

3. Whether the Board's decision denying him reparole was based on retaliation for Petitioner asserting his First Amendment rights in a 1997 lawsuit filed against the Department of Corrections officials.

(Doc. No. 9.)

### II. STANDARD OF REVIEW

A challenge to the denial of parole is cognizable under 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001) (jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under § 2254). However, a federal district court may not grant parole or determine parole eligibility. Alex v. Gavin, Civ. No. 1:CV-14-0261, 2015 WL 8012825, at *1 (M.D. Pa Dec. 7, 2015). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the

prisoner discharged from custody." Id. (quoting Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976)); see also Bridge v. U.S. Parole Comm'n, 981 F.2d 97 (3d Cir. 1992).

### III. DISCUSSION

#### A. Henderson's Petition is Moot

Henderson argues that the Board's decisions to deny him reparole on August 5, 2014 and November 17, 2015 violate his due process rights, his right to equal protection, and his First Amendment rights. (Doc. No. 9.) While his habeas petition was pending, on June 19, 2017, the Board again considered Henderson for reparole and this time, granted Henderson reparole to his Federal detainer sentence. (Doc. No. 35 at 2.) Henderson was subsequently released on reparole to his Federal detainer sentence on August 10, 2017. (Id.)

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, requiring that a justiciable case or controversy remain "extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Accordingly, if "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Henderson's § 2254 petition was filed prior to the Board's June 19, 2017 decision granting Henderson reparole to his Federal detainer sentence and Henderson's subsequent August 10, 2017 release on reparole. As noted above, the only relief that a district court may grant when faced with a challenge to a denial of parole is to order the Board to conduct a new parole hearing. Given that the Board issued a decision on June 19, 2017 granting Henderson the relief sought in his petition, Henderson's petition challenging the Board's August 5, 2014 and November 17, 2015 denials has been rendered moot. See Alex, 2015 WL 8012825, at *3; Rollings v. Kerestes, Civ. No. 13-7473, 2015 WL 418154 (E.D. Pa. Jan. 30, 2015) (habeas challenge to prior parole refusals became moot after new parole decision was issued, only most recent parole denial reviewed); Coles v. Folino, Civ. No. 12-0238, 2014 WL 5685547 (W.D. Pa. Nov. 14, 2014) (habeas petition challenging parole denials is moot where petition received subsequent parole hearing); Edwards v. Pa. Bd. of Probation and Parole, Civ. No. 09-4638, 2010 U.S. DIst. LEXIS 13860, at *7-8 (E.D. Pa. Jan. 25, 2010) (inmate reparoled and therefore habeas petition dismissed as moot); Goodman v. Kerestes, Civ. No. 1:14-CV-01319, 2016 WL 7365208, at *2 (M.D. Pa. Nov. 3, 2016). Accordingly, Henderson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied.

**B. Petitioner's Motion for Leave to Amend Prayer for Relief**

Henderson has also filed a motion for leave to amend his prayer for relief so that he can challenge the Board's recalculation of his maximum sentence date to August 19, 2027. (Doc. No. 27.) Respondents oppose the motion, arguing that such an amendment would be barred by 28 U.S.C. § 2244(d)(1)'s limitations period and that Henderson has also failed to exhaust this issue in state court. (Doc. No. 35.) The Court agrees with Respondents.

5

A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214. See 28 U.S.C. § 2241(d)(1). This statute provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the Board recalculated Henderson's maximum sentence date to August 19, 2027 by a decision dated June 3, 2014 and mailed on June 5, 2014, making the decision final as of June 5, 2014. (Doc. No. 35 at 6); see 37 Pa. Code § 73.1.[1] Henderson failed to file an appeal with the Board within that thirty (30) day time period. Therefore, Section 2244(d)(1)'s statute of limitations expired one year after the Board's recalculation became final, i.e., June 5, 2015. As such, Henderson's June 16, 2017 request to amend his habeas petition to include a challenge to the Board's June 5, 2014 decision to recalculate his maximum sentence date is patently untimely.

---

[1] 37 Pa Code § 73.1(a) provides, in part, that "[a]ppeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order."

Moreover, a § 2254 petition cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is satisfied by "fairly presenting each claim at each stage of the state's established appellate review process." Villot v. Varner, 373 F.3d 327, 337 (3d Cir. 2004). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). As set forth above, under 37 Pa. Code § 73.1, a parolee can file an appeal of a Board revocation/recalculation decision within thirty (30) days of entry of the order. If unsatisfied with the decision, a parolee can then petition for review in the Commonwealth Court on the issue of the correct calculation of the maximum sentence date. 42 Pa.C.S. § 763; Pa. R.A.P. 1512; see Evans v. Pa. Dep't of Corr., 713 A.2d 741, 742-43 (Pa. Commw. 1998); Washington v. Pa., Civ. No. 1:CV-07-1730, 2008 WL 598309 (M.D. Pa. Feb. 29, 2008). Finally, discretionary review may then be sought with the state supreme court. McMahon v. Commonwealth, Pa. Bd. of Prob. & Parole, 470 A.2d 1337, 1337 (Pa. 1983); Pa. R.A.P. 1112.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991). A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v.

7

Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).

Here, Henderson attempts to present his challenge to his recalculated maximum sentence date for the first time in the current federal habeas corpus forum. It is clear that he has failed to exhaust this issue in state court. Moreover, while it appears that his failure to exhaust could potentially be excused since Henderson no longer has an available state court remedy, see Arce v. Outlaw, Civ. No. 4:CV-05-2479, 2007 WL 465570, at *9 (M.D. Pa. Jan. 10, 2007), he has failed to argue cause and prejudice or a miscarriage of justice that would excuse the resulting procedural default. Id. Accordingly, the Court must deny Henderson's motion for leave to amend his prayer for relief to add a challenge to his recalculated maximum sentence date. (Doc. No. 27.)

**C. Request to Remain at the Federal Detention Center**

Lastly, Henderson seeks an order from this Court, permitting him to remain at the Federal Detention Center in Philadelphia pending the outcome of this habeas matter. (Doc. Nos. 29, 32 and 33.) While Respondents provide that they have no objection to this request, they also note that as a state agency/employee, they have no control over where the federal prison system houses Petitioner. (Doc. No. 35.)

The Court will deny Henderson's request. "[I]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002) (citation omitted). Such expertise and discretion compels this Court to deny Henderson's request that the Court order him to remain at the Federal Detention Center in

Philadelphia. The determination of the appropriate facility in which to house Plaintiff rests with prison administrators.

IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA. Thus, the Court will decline to issue a certificate of appealability, as Henderson has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

V. **CONCLUSION**

In accordance with the foregoing, Henderson's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 9), will be denied. Henderson's motion for leave to amend his prayer for relief (Doc. No. 27), motion to revise his amended petition (Doc. No. 32), and motion to remain at the Federal Detention Center in Philadelphia (Doc. No. 33), will also be denied. An appropriate Order follows.