IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD HENDERSON, | : | |
| Petitioner | : | |
| | : | No. 1:15-cv-02358 |
| v. | : | |
| | : | (Judge Kane) |
| MR. BROOKES, et al., | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the Court is a letter from Petitioner, docketed by the Court on May 7, 2018 (Doc. No. 39), that the Court construes as a motion for reconsideration of this Court's December 19, 2017 Memorandum and Order dismissing the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. Nos. 39). For the reasons provided herein, the Court will deny Petitioner's motion.

## I. BACKGROUND

On December 8, 2015, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the decision of the Pennsylvania Board of Probation and Parole ("Board"), to deny him reparole. (Doc. No. 9.) Respondents filed an answer to the petition on May 18, 2016, maintaining that the denial of Petitioner's petition was appropriate. (Doc. No. 21.) Petitioner subsequently filed a motion for leave to amend his prayer for relief (Doc. No. 27), motion to revise his petition (Doc. No. 32), and motion to remain at the Federal Detention Center in Philadelphia pending the resolution of his habeas petition. (Doc. No. 33.) After an Order was issued upon Respondents directing them to respond to Petitioner's subsequent filings (Doc. No. 34), Respondents filed an answer on October 4, 2017. (Doc. No. 35.) During the pendency of this action, the Board issued a decision on June 19, 2017, granting Petitioner's

1

reparole to his Federal detainer sentence, and Petitioner was released on reparole to his Federal detainer sentence on August 10, 2017. (Doc. No. 35 at 2.)

On December 19, 2017, this Court issued a Memorandum and Order dismissing the habeas petition as moot because Petitioner was released on reparole and therefore, his petition no longer presented a live case or controversy; denied Petitioner's motion for leave to amend his prayer for relief as untimely pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and denied Petitioner's request to remain at the Federal Detention Center in Philadelphia because the Court concluded that such a determination of placement in an appropriate housing facility rests with prison administrators. (Doc. Nos. 37, 38.) This matter was closed on December 18, 2017. On May 7, 2018, Petitioner filed a letter with the Court, which is construed as a motion to reconsider the December 19, 2017 Memorandum and Order. (Doc. No. 39.)

## II. LEGAL STANDARD

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has

"patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**III. DISCUSSION**

Petitioner's motion for reconsideration fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Rather, the motion appears to seek clarification of verbiage in a Court memorandum in a separate case docketed at 1:15-cv-2358, to clarify that Petitioner cooperated with federal authorities "against himself" and not against anyone else. (Doc. No. 39.) Accordingly, for the foregoing reasons, Petitioner's motion for reconsideration of the Court's December 19, 2017 Memorandum and Order will be denied; however, the Court takes notice of Petitioner's clarification that he had cooperated with federal authorities against himself and not against anyone else.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration (Doc. No. 39), will be denied. An appropriate Order follows.